UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TERRY TYRONE PULLEN, JR.,**

    **Plaintiff,**

    v.

**LT. BROUGHTON, et al.,**

    **Defendants.**

Case No. 1:19-cv-811
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's July 27, 2020, Order and Report and Recommendations ("R&R") (Doc. 8). The Magistrate Judge recommends that the Court dismiss with prejudice some of the claims in Plaintiff Terry Tyrone Pullen's Amended Complaint (Doc. 5). For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendations (Doc. 8) and accordingly **DISMISSES WITH PREJUDICE** Pullen's claims in this action except for his Eighth and Fourteenth Amendment deliberate indifference claims against Defendants John Doe Nos. 1 and 2 and Officers Baker, Butterbaugh, and Hutchinson, as well as Pullen's Eighth and Fourteenth Amendment claims against Officer Engelhardt for allegedly announcing to the inmates in the K2 South Unit that Pullen was making a Prison Rape Elimination Act ("PREA") call against another inmate.

The R&R advised Pullen and the Defendants that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 8, #209). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require

a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by August 10, 2020. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Pullen asserts claims against various Defendants arising out of an incident in which another inmate allegedly exposed his penis to Pullen and threatened to rape him while officers were escorting that inmate to the shower. (Am. Compl., Doc. 5, #171). Pullen alleges that Officers Baker, Butterbaugh, and Hutchinson, and two officers identified as John Doe Nos. 1 and 2, were deliberately indifferent to the risk of sexual assault of Pullen by that inmate and encouraged the inmate's conduct, and that Officer Engelhardt evinced deliberate indifference by announcing to other inmates that Pullen was

2

making a call to the Prison Rape Elimination Act ("PREA") hotline. (*Id.* at #172, 181). Pullen also alleges that the numerous other Defendants in this action failed to investigate Pullen's grievances based on the inmate's harassment and threats, failed to save relevant video footage, and conspired to violate Pullen's constitutional rights. (*Id.* at #182). Based on these allegations, Pullen asserts claims for violation of the Eighth and Fourteenth Amendments of the U.S. Constitution. (*Id.* at #181–83).

Pursuant to her sua sponte screening obligations, the Magistrate Judge reviewed Pullen's Amended Complaint (Doc. 5) and found that some of Pullen's claims fail as a matter of law. Specifically, the Eleventh Amendment bars Pullen's claims for money damages against state officers in their official capacities. (R&R, Doc. 8, #202–03). Meanwhile, Pullen's allegations that Sergeant Dillow, Unit Manager Oppy, and Case Manager O'Conners failed to investigate or take corrective action in response to Pullen's complaints, absent more, are insufficient to state a claim for a constitutional violation. (*Id.* at #203). Nor would a respondeat superior theory be available to hold these same defendants liable for constitutional violations allegedly committed by other defendants. (*Id.* at #203–04). The same logic applies to any claims against Officer Engelhardt or Investigator Smith for failure to investigate. (*Id.* at #204). Likewise, Pullen's claims against Dillow, Oppy, and O'Conners based on alleged verbal abuse also do not state a claim for a constitutional violation. (*Id.* at #204–05). Failure to preserve video evidence that would support Pullen's other claims in this action, as Pullen alleges against several Defendants, would not amount to a constitutional violation. (*Id.* at #205–06). Pullen's conspiracy claim is fatally

conclusory, and any claim under the PREA would fail because the PREA does not create a private right of action. (*Id.* at #206–07). Any purported claims against individuals not named as Defendants in this action are also subject to dismissal. (*Id.* at #201 n.4). On the other hand, the Magistrate Judge concluded that Pullen's remaining Eighth and Fourteenth Amendment claims for deliberate indifference to the risk that another inmate would sexually assault Pullen should survive her sua sponte review. (*Id.* at #202). The Court finds no clear error in any of these determinations.

Accordingly, the Court **ADOPTS** the Report and Recommendations (Doc. 8). The Court thus **DISMISSES WITH PREJUDICE** the claims in Pullen's Amended Complaint (Doc. 5) except for his Eighth and Fourteenth Amendment claims against Defendants John Doe Nos. 1 and 2 and Officers Baker, Butterbaugh, and Hutchinson for alleged deliberate indifference to the risk that another inmate would sexually assault Pullen, as well as Pullen's Eighth and Fourteenth Amendment claims against Officer Engelhardt for allegedly announcing to the inmates in the K2 South Unit that Pullen was making a PREA call against another inmate. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Pullen leave to appeal in forma pauperis.

**SO ORDERED.**

December 30, 2021
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**

4