**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| TERRY TYRONE PULLEN, JR., | : | Case No. 1:19-cv-00811 |
| | : | |
| Plaintiff, | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| LT. BROUGHTON, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff, a former inmate at the Southern Ohio Correctional Facility who is proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution. The Court dismissed several claims on initial review but allowed the following claims to proceed: (1) claims against Defendants John Doe Nos. 1 and 2 and Officers Baker, Butterbaugh, and Hutchinson for alleged deliberate indifference to the risk that another inmate would sexually assault Plaintiff, and (2) a claim against Officer Engelhardt for allegedly announcing to inmates that Plaintiff was making a call to the Prison Rape Elimination Act ("PREA") hotline. (ECF No. 30 at PageID 274-77.)

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Baker, Butterbaugh, Engelhardt and Hutchinson. (ECF No. 40.) The Court made several attempts over a ten-month period to ensure that Plaintiff received a copy of the Motion and had an adequate opportunity to respond. (Doc. 45, 47, 49, 54.) Plaintiff

1

received a copy of the Motion from the Clerk's Office on November 29, 2022, and was ordered to file his response to the Motion by January 9, 2023. (ECF No. 54 at PageID 602). Plaintiff failed to do so. Accordingly, Defendants' Motion is unopposed.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court grant Defendants' Motion, award summary judgment to Defendants Baker, Butterbaugh, Engelhardt and Hutchinson, and dismiss Plaintiff's claims against them with prejudice.

## I.    RELEVANT FACTS

### A.    Plaintiff's Verified Amended Complaint

The following facts are taken from the allegations in Plaintiff's Amended Complaint, which is verified under penalty of perjury and therefore constitutes evidence for purposes of adjudicating Defendants' Motion. (ECF No. 6 at PageID 185.)

In the fall of 2017, Plaintiff was incarcerated at the Southern Ohio Correctional Facility (SOCF) and housed near an inmate named Bryan Lewis. (ECF No. 5 at PageID 171-81.) On September 25, 2017, correctional officer Defendant John Doe 1 escorted Lewis to the shower. (*Id.*) Lewis stopped outside of his cell, exposed himself to Plaintiff and placed his genitals inside of Plaintiff's cell. (*Id.*) John Doe 1 observed the encounter. (*Id.*) Lewis exposed himself again when returning from the shower and threatened to rape Plaintiff. (*Id.*) Plaintiff told John Doe 1 that he wanted to speak to a "white shirt," but John Doe 1 told him to "stop snitching and man up." (*Id.*, PageID 172.)

The next day, correctional officer Defendant Baker escorted Lewis to the shower. (ECF No. 5 at PageID 172.) Lewis informed Baker that he was going to expose himself to Plaintiff. (*Id.*) Baker told Lewis that "he did not care what he had done to the Plaintiff

2

just don't stick your dick inside his cell bars [] like you did yesterday while I was working K2 control booth." (*Id.*) Lewis exposed himself and Plaintiff became angry. (*Id.*) Baker told Plaintiff that if he made a scene, Baker would spray him with "OC spray" and put him in a "slammer cell." (*Id.*, PageID 173.) Plaintiff did not say anything else because he did not want to be sprayed or placed in a slammer cell. (*Id.*)

On October 4, 2017, correctional officer Defendant Butterbaugh was escorting Lewis from the shower back to his cell when Lewis again exposed himself to Plaintiff and threatened to rape him. (ECF No. 5 at PageID 173.) Plaintiff asked Butterbaugh if he planned to do anything, and Butterbaugh told him to "shut the fuck up," and told Lewis: "Fuck him…I can't stand that bitch, one of y'all need to fuck him up!" (*Id.*)

On October 6, 2017, Lewis exposed himself again to Plaintiff when correctional officers Defendant Hutchinson and Defendant John Doe 2 were leading him to a phone call with his attorney. (ECF No. 5 at PageID 174.) Lewis again threatened to rape Plaintiff. (*Id.*) John Doe 2 and Hutchinson did not do anything to stop Lewis' behavior. Hutchinson said: "[T]his is how we treat motherfuckers like him, he tried to rape a female officer at CRC that's why he's at SOCF, no one likes him here!" (*Id.* at PageID 175.)

Plaintiff complained to various SOCF personnel about these events. (ECF No. 5 at PageID 175.) Plaintiff said he that he wanted to call the PREA hotline to complain about Lewis's behavior. (*Id.*) Defendant Engelhardt told Plaintiff that he was "better off telling [his] mother because no one cares." (*Id.*) When Plaintiff left to make the PREA call, Engelhardt announced to the inmates in the K2 South Unit that Plaintiff was making a PREA call on Lewis. (*Id.* at PageID 176.)

3

**B.     Plaintiff's Deposition Testimony**

The following facts are taken from the transcripts of Plaintiff's sworn deposition testimony, which constitutes evidence for purposes of adjudicating Defendants' Motion.

When Plaintiff was incarcerated at SOCF, both he and Inmate Lewis were subject to "23-hour to 24-hour lockdown controlled movement." (Doc. 35 at 17-18, PageID 307.) That is, they remained in their cells for 23 to 24 hours each day, and were handcuffed whenever they were allowed to leave their cell. (*Id*. at 31 & 40, PageID 320 & 329.)

When the Defendant John Doe officers escorted Lewis past Plaintiff's cell and Lewis exposed himself to Plaintiff, it was the first time that he did so. (Doc. 35 at 30, PageID 319.) Lewis's hands were cuffed behind his back. (*Id*. at 32, PageID 321.)

There was only one incident when Plaintiff and Lewis were out of their cells at they same time. They left their cells at the same time and were escorted by Defendant Hutchinson and Defendant John Doe. Plaintiff was handcuffed and shackled at the ankles because he was being escorted to a telephone call with his attorney. Lewis was handcuffed with his hands behind his back, but was not shackled, because he was being escorted to the shower. They were walking in a line with Plaintiff in the front, then Lewis, and then the corrections officers. Plaintiff walked quickly so that Lewis would not catch up with him, but was slowed down by his shackles. Lewis verbally threatened to put his penis on Plaintiff's leg and walked fast to catch up with Plaintiff. The corrections officers laughed and did not intervene. Lewis did not actually catch up with or make physical contact with Plaintiff, however. (Doc. 35 at 61-70, PageID 350-59.)

Defendant Englehardt informed other inmates that Plaintiff was both snitching on Inmate Lewis and complaining about the corrections officers. (Doc. 35 at 74-76, PageID 363-65.) Plaintiff testified that "the whole block heard him" and that some inmates were angry at Plaintiff as a result. (*Id*. at 78, PageID 367.) He testified that Engelhardt's statement jeopardized his safety by making him a target. (*Id*. at 82, PageID 371.)

Plaintiff is seeking damages to compensate him for emotional stress and injury. (Doc. 35 at 130-31, PageID 449-50.)

## II.    LAW AND ANALYSIS

In their Motion (ECF No. 40), Defendants Baker, Butterbaugh, Engelhardt, and Hutchinson argue that they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his administrative remedies, (2) Plaintiff's claims fail as a matter of law, and (3) Plaintiff failed to demonstrate more than a *de minimis* physical injury that allows recovery of damages for mental or emotional injuries. The undersigned concludes that Defendants are entitled to summary judgment based upon their second argument, and so declines to reach Defendants' remaining arguments.

### A.    Standard for Fed. R. Civ. P. 56 Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure permits parties to move for summary judgment on the claims or defenses in an action. Fed. R. Civ. P. 56(a). The Court "shall grant summary judgment if the movant shows that there is no ***genuine dispute*** as to any ***material fact*** and the movant is entitled to judgment as a matter of law." *Id*. (emphasis added). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

5

477 U.S. 242, 248 (1986). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Id*.

The moving party bears the initial burden of showing the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden of production, the non-moving party cannot rest on its pleadings, but instead must point to evidence that is sufficient to create a genuine issue of material fact on each element of its claims or defenses. *Anderson*, 477 U.S. at 248-50. The party who asserts that a fact either cannot be or is genuinely disputed must support that assertion by citing to evidentiary materials in the record (e.g., depositions, documents, affidavits, declarations, stipulations, admissions or interrogatory answers). Fed. R. Civ. P. 56(c)(1)(A). The party must "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

When ruling on a motion for summary judgment, the Court is required to draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court need only consider admissible evidence. Fed. R. Civ. P. 56(c)(2) & (4). Although the Court is only required to consider the materials cited by the parties, it is permitted to consider other evidentiary materials in the record. Fed. R. Civ. P. 56(c)(3). Notably, however, the Court "has no duty when deciding a motion for summary judgment to scour the record for evidence that supports a plaintiff's claims." *Abdulsalaam v. Franklin Cty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 576 (S.D. Ohio 2009). Likewise, when a motion for summary judgment is unopposed, the

trial court is not required to "conduct its own probing investigation of the record."

*Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

**B.** **Defendants Are Entitled To Summary Judgment Because Plaintiffs' Deliberate Indifference Claims Fail As A Matter Of Law**

Defendants Baker, Butterbaugh, Engelhardt, and Hutchinson argue that they are entitled to summary judgment because Plaintiff's claims against them fail as a matter of law. The undersigned agrees.

*1.* *Claims against Defendants Baker, Butterbaugh and Hutchinson*

As noted above, Plaintiff asserts that Defendants Baker, Butterbaugh, and Hutchinson violated his constitutional rights by being deliberately indifferent to Inmate Lewis's acts of sexual misconduct (i.e., placing his genitals inside Plaintiff's cell on one occasion and exposing his genitals to Plaintiff several times) and threats of rape.

There is a clearly established constitutional right "to be free from deliberate indifference to assault and sexual abuse." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). A plaintiff establishes this claim by showing that "(1) the alleged mistreatment was objectively serious; and (2) defendant subjectively ignored the risk to his safety." *Id*. In addition, a plaintiff "must show that defendants acted with 'deliberate indifference' to her safety. An official is deliberately indifferent if he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Morgan v. Wayne Cty.*, 33 F.4th 320, 326-27 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). "Whether a prison

7

official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence" or "the very fact that the risk was obvious." *Id*. (quoting *Farmer*, 511 U.S. at 842). An official who was not aware of a substantial risk is not liable "even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop*, 636 F.3d at 767.

As the parties moving for summary judgment, Defendants bear the initial burden of showing that no evidence creates a genuine issue of material fact as to the Plaintiff's claims against them. *Celotex Corp.*, 477 U.S. at 325. They met this burden by pointing to evidence that Plaintiff was not exposed to an objectively substantial risk of serious harm. Specifically, during the incidents on September 26, 2017 and October 4, 2017, Plaintiff was safely in his cell when Defendants Baker and Butterbaugh escorted Lewis to and from the shower, and there was no physical contact between them. (Doc. 5, PageID 172-73.) Although Plaintiff was not in his cell during the October 6, 2017 incident involving Defendant Hutchinson, Plaintiff and Lewis were escorted in handcuffs to their respective destinations and there was also no physical contact between them. (*Id.*, PageID 173-75.)

By pointing to evidence that each inmate was physically restrained during these incidents—and were also on 23-24 hour controlled lockdown—these Defendants have met their burden of pointing to an absence of evidence to support Plaintiff's claims. The burden thus shifts to Plaintiff to come forward with evidence sufficient to create a genuine issue of material fact as to the objective element of his deliberate indifference claims against these Defendants. *Anderson*, 477 U.S. at 248-50.

Plaintiff did not meet this burden. That is, he did not respond to the Motion or provide any evidence that would create a genuine issue of material fact as to whether these Defendants exposed Plaintiff to an objectively substantial risk of harm. For this reason, the undersigned concludes that Plaintiff's deliberate indifference claims against Defendants Baker, Butterbaugh and Hutchinson fail as a matter of law.

Moreover, even if the record could be construed to support the objective element, Plaintiff has not created a genuine issue of material fact as to whether Defendants Baker, Butterbaugh, and Hutchinson subjectively knew that he "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measure to abate it." *Farmer*, 511 U.S. at 847. These Defendants knew that the inmates in the prison block were confined to their cells for 23 to 24 hours per day, the corrections officers on K2 South worked in pairs, and all inmates were handcuffed and their movements were controlled when they exited their cells. (Doc. 35, PageID 328-29.) Because of this level of security, they would not reasonably expect Plaintiff to have physical contact with Lewis or any other inmate. Therefore, the undersigned agrees that "it was reasonable for [Baker, Butterbaugh and Hutchinson] to believe that Inmate Lewis could not act upon any physical true sexual threat made to Plaintiff while Plaintiff was locked within his cell on September 25, 2017, September 26, 2017, and October 4, 2017." (Doc. 40, PageID 516.) For this reason, too, these Defendants are entitled to summary judgment.

9

### 2. *Claim against Defendant Engelhardt*

The undersigned construes Plaintiff's claim against Defendant Engelhardt as also constituting a claim of deliberate indifference under the Eighth and Fourteenth Amendments.

When viewed in a light most favorable to Plaintiff, the evidence does not create a genuine issue of material fact as to whether an objectively substantial risk of harm arose from Engelhardt's announcement to other inmates that Plaintiff was making a PREA call, or that Plaintiff was a snitch. Specifically, by pointing to evidence that all the inmates in the prison block were subject to a 23-24 hour controlled lockdown, Defendant Engelhardt has met his burden of showing the absence of evidence to support the objective element of Plaintiff's deliberate indifference claim. *See Farmer*, 511 U.S. at 834 ("the inmate must show that he is incarcerated under conditions posing a substantial risk of harm"). Plaintiff has not met his resulting burden because he did not respond to Defendants' Motion or provide evidence that would create a genuine issue of material fact as to the objective element of his deliberate indifference claim. Therefore, the undersigned concludes that Defendant Engelhardt is also entitled to summary judgment.

 Further, even if Plaintiff could establish the objective element of his claim against Defendant Engelhardt, the claim would still fail because he has not created a genuine issue of material fact as to the subjective element of his claim. Engelhardt made the challenged statements to inmates who were subject to 23 to 24-hour lockdown and controlled movement, and so could not reasonably be expected to injure or harm Plaintiff. (Doc. 40, PageID 517.) Therefore, even if Plaintiff had responded to Defendants'

Motion—and he did not—he would be unable to point to evidence in the record to show that Engelhardt knew that Plaintiff faced a substantial risk of harm. For this reason, too, the undersigned concludes that Defendant Engelhardt is entitled to summary judgment on Plaintiff's claim against him.

In sum, Plaintiff has not created a genuine issue of material fact as to his claims against Defendants Baker, Butterbaugh, Hutchinson, and Engelhardt. Accordingly, Plaintiff's claims against these Defendants fail as a matter of law, and the undersigned recommends that the Court enter summary judgment in favor of these Defendants. Having reached this conclusion, the undersigned declines to address Defendants' remaining arguments.

### III.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Court grant Defendants' Motion for Summary Judgment (ECF No. 40) in its entirety, award summary judgment to Defendants Baker, Butterbaugh, Hutchinson, and Engelhardt, and **DISMISS** Plaintiff's claims against these Defendants with prejudice.


_/s/ Caroline H. Gentry_
Caroline H. Gentry
United States Magistrate Judge


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d),

this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).